**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3676

———————

ROSLYN ODEN,
                                        Appellant
v.

SEPTA; STACY RICHARDSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-06197)
District Judge: Honorable Mark A. Kearney

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on Tuesday June 7, 2016

Before:  CHAGARES, KRAUSE, and SCIRICA, *Circuit Judges*

(Opinion filed: November 4, 2016)

———————

OPINION[*]

———————

KRAUSE, *Circuit Judge.*

Roslyn Oden appeals the District Court's grant of summary judgment in favor of

her former employer, the Southeastern Pennsylvania Transportation Authority

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

("SEPTA"), on Oden's claims under the Americans with Disabilities Act and the Pennsylvania Human Relations Act, and in favor of her former supervisor, Stacey Richardson, on Oden's claims under 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

## I.    Background

In 2011, after more than twenty years as a SEPTA bus operator, Oden was medically disqualified from the position due to a diagnosed sleep disorder and other disabilities,[1] and, with the approval of her doctor, assumed a position as a SEPTA cashier. Upon starting the position, Oden approached Richardson, her new supervisor, with requests for accommodation for Oden's disabilities—namely, flexible reporting times, use of sick time, personal time, and break time. Instead of discussing accommodations with Oden, Richardson allegedly stated that Oden would have to transfer to another department. Oden did not transfer and continued working as a cashier.

On January 31, 2013, Richardson observed Oden sleeping or being inattentive at a cashier booth and initiated an investigation into Oden's conduct. Based on three hours of video footage, the investigation uncovered multiple violations of SEPTA employee rules. For example, Oden was reading from her cellular phone for forty minutes, and she later left her cashier booth for seventy-five minutes, which resulted in twenty unregistered

---

[1] The parties do not dispute that Oden's medical conditions are disabilities as defined under the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

2

fares.  Because of these violations, SEPTA terminated Oden's employment on February 27, 2013.

Oden filed a Charge of Discrimination against SEPTA with the Pennsylvania Human Relations Commission and with the United States Equal Employment Opportunity Commission on July 26, 2013.  She then proceeded to the District Court, where she brought discrimination and retaliation claims against SEPTA under the Americans with Disabilities Act ("ADA") and against SEPTA and Richardson under the Pennsylvania Human Relations Act ("PHRA"), as well as Equal Protection and First Amendment claims against Richardson individually under 42 U.S.C. § 1983.

The District Court granted summary judgment to SEPTA and Richardson on the grounds that (1) any failure-to-accommodate claims were time-barred under the ADA and the PHRA; (2) Oden could not establish, for purposes of her discrimination and retaliation claims under both statutes, that SEPTA and Richardson's nondiscriminatory reasons for terminating her were pretextual; and (3) Oden did not establish that Richardson treated similarly situated employees differently from Oden in violation of the Equal Protection Clause, nor did Oden make statements on a matter of public concern that would merit First Amendment protection.  This appeal timely followed.

## III.  Discussion[2]

We review a district court's grant of summary judgment de novo, *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015), and will affirm when the moving party has established that "there is no genuine dispute as to any material fact" and, viewing the facts in light most favorable to the non-moving party, "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Moore v. City of Phila.*, 461 F.3d 331, 340 (3d Cir. 2006).  Such is the case here.  We address in turn Oden's (1) failure-to-accommodate claims, (2) discrimination and retaliation claims, and (3) § 1983 claims against Richardson.[3]

First, although Oden continues to press the merits of her failure-to-accommodate claims on appeal, she does not challenge the District Court's conclusion that those claims are time-barred.  That conclusion appears to be well-founded as Oden alleges that Richardson responded to her 2011 request for accommodation with immediate disapproval, and Oden did not file her administrative discrimination charge with the relevant agencies until July 2013—well beyond the 300-day deadline for ADA claims, *see* 42 U.S.C. § 12117(a); *id.* § 2000e-5(e)(1), and the 180-day deadline for PHRA claims, 43 Pa. Cons. Stat. § 959(h).  In any event, because she does not dispute the time

---

[2] The District Court had subject-matter jurisdiction over Oden's ADA and § 1983 claims pursuant to 28 U.S.C. § 1331, and over Oden's PHRA claims pursuant to 28 U.S.C. § 1367.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] On appeal, Oden also asserts hostile work environment and retaliatory harassment claims.  Because she did not raise those claims before the District Court, however, she has waived them.  *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 150 n.7 (3d Cir. 2014).

bar on appeal, Oden has waived review of this issue.  *See Gonzalez v. AMR*, 549 F.3d 219, 225 (3d Cir. 2008).

Second, we agree with the District Court that Oden did not establish that SEPTA and Richardson's nondiscriminatory reason for terminating her was pretextual.  Under the *McDonnell Douglas* burden-shifting framework that applies to both her ADA and PHRA claims,[4] Oden had the initial burden of establishing a prima facie case of discrimination or retaliation; if she did, then SEPTA and Richardson were required to articulate a legitimate, nondiscriminatory reason for the adverse action they took against Oden.  *See Shellenberger*, 318 F.3d at 187; *Olson*, 101 F.3d at 951.  At that point, Oden could defeat a summary judgment motion only with evidence that would allow a factfinder reasonably (1) to disbelieve SEPTA and Richardson's nondiscriminatory reason, or (2) to believe that discrimination or retaliation was the determinative cause of SEPTA and Richardson's adverse action.  *See Shellenberger*, 318 F.3d at 187; *Olson*, 101 F.3d at 951-52.

Here, even assuming that Oden established a prima facie case with regard to her 2013 termination,[5] she did not meet her burden at the third step of the *McDonnell*

---

[4] *See Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 187 (3d Cir. 2003) (retaliation); *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951-52 (3d Cir. 1996) (discrimination).  We apply the same liability standards to Oden's ADA and PHRA claims because the two statutes are "to be interpreted consistently" and "have the same standard for determination of liability."  *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012).

[5] Although Oden argues that we should apply the *McDonnell Douglas* framework to a number of other alleged "adverse actions" that she contends were taken against her

5

*Douglas* analysis to adduce sufficient evidence from which a reasonable jury could find that SEPTA and Richardson's nondiscriminatory reasons for terminating her were false or that a discriminatory or retaliatory reason motivated the termination. That is, she does not deny serious violations of SEPTA's employee rules, and thus has not provided any evidence that would allow a reasonable jury either to disbelieve SEPTA's nondiscriminatory and non-retaliatory reasons for terminating her, or to believe that any discriminatory or retaliatory animus would have "had a determinative effect" on her termination. *Shellenberger*, 318 F.3d at 187; *see also Olson*, 101 F.3d at 951.

Finally, we perceive no error in the District Court's entry of summary judgment on Oden's § 1983 claims against Richardson individually. To establish her Equal Protection claim, Oden was required to "prove the existence of purposeful discrimination" by showing that she "received different treatment from that received by other individuals similarly situated." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014) (brackets and internal quotation marks omitted) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990)). Oden failed to produce such evidence. Although Oden mentions another cashier whom Richardson did not discipline, that cashier was not "similarly situated" because she was not alike "in all relevant aspects." *Id.* (internal quotation marks omitted) (quoting *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir.

---

for discriminatory and retaliatory reasons, any claims arising from those actions are either time-barred or—as to her November 2012 suspension from work without pay—waived for failure to argue that it constituted an independent adverse action in the District Court. *See D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268 n.7 (3d Cir. 2014).

2008)).  Oden, for example, left her cashier booth for seventy-five minutes while there is no evidence that the other cashier left her assigned work location at all.

Oden fares no better as to her First Amendment retaliation claim, which turns on whether the speech in question involves "a matter of public concern," *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006)), or merely "matters of purely personal interest," such as "mundane employment grievances," *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 467 (3d Cir. 2015).  Here, the speech on which Oden relies is her request for her individual accommodations.  We have held, however, that requests of this nature fall squarely into the category of "mundane employment grievances" and are not protected speech under the First Amendment.  *Munroe*, 805 F.3d at 467-70.  The District Court thus correctly granted summary judgment on Oden's § 1983 claims.

## IV.  Conclusion

For the foregoing reasons, summary judgment was warranted on all of Oden's claims and we will affirm the judgment of the District Court.