**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1083
_____

ARLINE TALIAFERRO,

Appellant

v.

TRUMP ENTERTAINMENT RESORTS INC, d/b/a TRUMP PLAZA HOTEL &
CASINO; XYZ CORP. 1-10; TRUMP PLAZA ASSOCIATES; INDIVIDUALS ABC 1-
10, ALL FICTITIOUS NAMES AND/OR ENTITIES WHO SHOULD BE IDENTIFIED
THROUGH DISCOVERY, ET AL.; PLAN ADMINISTRATOR FOR
THE TRUMP PLAZA HOTEL & CASINO GROUP MEDICAL PLAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-12-cv-03883)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2017

Before:  KRAUSE, NYGAARD and ROTH, Circuit Judges[*]

(Opinion filed February 1, 2018)
_____

OPINION[**]
_____

PER CURIAM

---

[*] We note that this case was originally submitted to a panel comprising Judges
Hardiman, Nygaard and Roth; it was necessary to reconstitute the panel.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does

Arline Taliaferro appeals from the District Court's entry of summary judgment in favor of the defendants. We will affirm.[1]

## I.

The parties are familiar with the background of this case, which is set forth more fully in the District Court's thorough opinion. Taliaferro worked as a casino dealer at the Trump Plaza Hotel and Casino in Atlantic City, New Jersey, for over 20 years. After permanently injuring her right hand in 2008, she returned to work for a time before being terminated in 2011. As a result of her injury, she later obtained a workers' compensation settlement in the amount of $148,500. She also later began receiving Social Security Disability Insurance benefits after the Social Security Administration ("SSA") agreed with her contention that she could not perform her former duties because she had become completely disabled as of March 11, 2011. Trump Plaza terminated Taliaferro's medical benefits on May 5, 2011, because she had failed to pay premiums. It then terminated her employment on May 27, 2011, citing unauthorized absences.[2]

Taliaferro was represented by counsel at all relevant times during this process. She also was represented by counsel when she filed suit in state court against Trump Plaza and the other defendants, all of which we refer to collectively by that name.

---

not constitute binding precedent.

[1] The Clerk stayed this appeal pending a bankruptcy proceeding involving some of the appellees, but that proceeding has since concluded and the stay has been lifted.

[2] Taliaferro claims that Trump Plaza actually terminated her employment on March 11, 2011, but that dispute is not relevant to the issues addressed below.

Taliaferro asserted two claims. First, she claimed that Trump Plaza terminated her employment on the basis of a disability in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§10:5-1 to 10:5-49. Second, she claimed that Trump Plaza violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, by failing to notify her of her right to elect continuing medical coverage under the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-1169.

Trump Plaza removed the suit to federal court and the parties engaged in discovery. Taliaferro eventually filed a motion for summary judgment on her NJLAD claim. Trump Plaza filed a cross motion for summary judgment on that claim, and later filed a motion for summary judgment on the ERISA claim as well. By order entered December 11, 2013, the District Court denied Taliaferro's motion, granted Trump Plaza's motions, and entered judgment in Trump Plaza's favor.

In particular, the District Court concluded that Taliaferro's successful representation to the SSA that she had become completely disabled as of March 11, 2011, estopped her from proving an essential element of her NJLAD claim—i.e., that, despite a protected disability, she was "qualified to perform the essential functions of the job" at the time of her termination on May 27, 2011. Conoshenti v. Pub. Serv. Electric & Gas Co., 364 F.3d 135, 150 (3d Cir. 2004). In reaching that conclusion, the District Court applied the framework set forth in Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999), which addressed the estoppel effect of Social Security benefits on a

3

claim under the Americans with Disabilities Act, and on our decisions applying the

Cleveland framework to analogous claims, including claims under the NJLAD.[3]

As for Taliaferro's ERISA claim, the District Court concluded that there was no

material dispute but that Trump Plaza terminated her medical benefits because she failed

to pay premiums and that it did so before terminating her employment. The District

Court further concluded that Trump Plaza's termination of Taliaferro's benefits for

nonpayment of premiums (unlike a termination of employment) was not a "qualifying

event" within the meaning of 29 U.S.C. § 1161(a) that triggered a duty to provide the

COBRA notice. Taliaferro appeals.[4]

## II.

On appeal, Taliaferro has challenged only the District Court's ruling on her

NJLAD claim and has not mentioned her ERISA claim at all. Thus, we agree with

Trump Plaza that Taliaferro has waived any challenge as to her ERISA claim. See

---

[3] See, e.g., Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 272-74 (3d Cir. 2012) (applying Cleveland in affirming entry of summary judgment on claim under the Family and Medical Leave Act); Detz v. Greiner Indus., Inc., 346 F.3d 109, 115-21 (3d Cir. 2003) (same as to claim under the Age Discrimination in Employment Act); Motley v. N.J. State Police, 196 F.3d 160, 164-67 (3d Cir. 1999) (same as to NJLAD claim).

[4] The District Court had federal question jurisdiction over Taliaferro's ERISA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over her NJLAD claim under 28 U.S.C. § 1367(a). We have jurisdiction under 28 U.S.C. § 1291. Our review of the entry of summary judgment is plenary. See Macfarlan, 675 F.3d at 271. Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue of material fact and . . . the moving party is . . . entitled to judgment as a matter of law." Id.

Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002). Taliaferro's challenge to the District Court's ruling on her NJLAD claim does not squarely address the District Court's reasoning and is otherwise cursory, but we will liberally construe her brief to raise four arguments that warrant discussion. Each lacks merit.

First, Taliaferro asserts that she was not in fact disabled as of March 11, 2011, that she attempted to and could have returned to work on that date, and that she has a "return to work note from Dr. Parks [sic]" to that effect. (Appellant's Br. at 6.) These assertions, however, do not address the reasons for the District Court's conclusion that Taliaferro is estopped from establishing that she was able to perform the essential function of her job as of that date. As the District Court explained, Taliaferro claimed before the SSA that, inter alia, she "stopped working" on March 11, 2011 "[b]ecause of my condition(s)," of which she identified four. (ECF No. 91-9 at 34.) Those representations and others led the SSA to conclude that she had become disabled as of March 11, 2011, and to award her disability benefits based on that specific disability date. (Id. at 75.) The District Court reviewed the record and applicable case law in detail (ECF No. 136 at 19-32) and properly concluded both that Taliaferro's present NJLAD claim squarely conflicts with her successful assertions before the SSA and that Taliaferro did not adequately explain the inconsistency at the summary judgment stage. See Cleveland, 526 U.S. at 805-07; Detz, 346 F.3d at 120-21; Motley, 196 F.3d at 164-67 & n.9. Taliaferro has raised nothing calling these conclusions into question, and our own review of the record reveals

5

no error of law or genuine issue of material fact in this regard.[5]

Second, Taliaferro asserts that she never resigned from her position and that Trump Plaza instead wrongfully terminated her. Whether Taliaferro resigned or was terminated, however, is irrelevant to the ground on which the District Court concluded that she is estopped from establishing her NJLAD claim. Taliaferro makes several references to wrongful termination, but she did not assert a wrongful termination claim in the District Court apart from her claim under the NJLAD.

Third, Taliaferro appears to fault her counsel for failing to raise a separate wrongful termination claim and appears to take issue with other aspects of his representation, including his presentation of her case to the District Court. Taliaferro's apparent dissatisfaction with counsel does not state a basis for relief on appeal in this civil action. See Walker v. Sun Ship, Inc., 684 F.2d 266, 268-69 (3d Cir. 1982) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 634 n.10 (1962)). We thus express no opinion on Taliaferro's contentions in that regard except to note that any remedy she may have lies elsewhere.[6]

---

[5] Our review of the record does not reveal the "return to work note from Dr. Parks [sic]" to which Taliaferro refers. The District Court thoroughly addressed Dr. Park's correspondence (ECF No. 136 at 6-8), and Dr. Park's last word on the issue, in a letter dated March 10, 2011, was that "I don't think [Taliaferro] is able to work as a dealer given her present symptoms." (ECF No. 65-3 at 32.) Even if Dr. Park had given Taliaferro a note stating that she could return to work on March 11, 2011, however, that would not explain why Taliaferro stated just the opposite to the SSA.

[6] In a related vein, Taliaferro states that "I would like the court to address how [counsel] is being paid since this case was not awarded any money." (Appellant's Br. at 6.)

Finally, Taliaferro asserts that she obtained SSA benefits only after Trump Plaza terminated her employment. Taliaferro does not explain why she believes that fact to be relevant, and it is not because it has no bearing on the inconsistency between her claim for SSA benefits and her NJLAD claim, which she also asserted after her employment with Trump Plaza concluded.

These arguments aside, Taliaferro's brief consists largely of generalized assertions that the District Court's decision and unspecified portions of the record are erroneous or incorrect. We have reviewed the District Court's decision in light of the record and discern no error for the reasons summarized above and those that the District Court explained more fully in its thorough opinion.

For these reasons, we will affirm the judgment of the District Court.

---

Although it is beyond the scope of this appeal, we note for Taliaferro's benefit that the District Court has ordered Trump Plaza to pay attorney's fees to Taliaferro's counsel in connection with a motion to compel discovery. (ECF No. 144.)