**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1508
_____

CAROL BANGURA,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA SENATE;
PENNSYLVANIA SENATOR ANTHONY WILLIAMS, in his individual capacity;
MARLENE HENEKIN, in her individual capacity;
DESAREE JONES, in her individual capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-03626)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2019

Before: JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed: December 3, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Carol Bangura appeals from the District Court's order granting summary judgment to the defendants in her employment discrimination lawsuit. For the reasons discussed below, we will affirm.

I.

We write primarily for the parties; because they are familiar with the facts, we will note them only as they become necessary to our analysis. Bangura was born in Sierra Leone and she speaks English as a second language. She was employed by the Pennsylvania State Senate as a scheduler for Senator Anthony Williams from March 2014 until her termination in September 2014 for poor performance.

In July 2016, Bangura filed her complaint in the District Court. In her operative third amended complaint,[1] she named as defendants the Commonwealth of Pennsylvania, the Pennsylvania State Senate, Senator Williams, Marlene Henkin, and Desaree Jones. Bangura brought claims of race and national origin discrimination, retaliation, and hostile work environment against all of the defendants under Title VII of the Civil Rights Act ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and 42 U.S.C. §§ 1981

---

[1] During the course of the proceedings, the District Court dismissed multiple claims against various defendants. Any issues relating to the dismissed claims are waived, as Bangura has not argued those issues on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Bangura has also waived any issues regarding her requests for appointment of counsel. To the extent that Bangura challenges the District Court's discovery rulings, the District Court did not abuse its discretion. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) ("We review a district court's discovery orders for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice.").

and 1983. Bangura also brought disability discrimination claims against the Commonwealth under the Americans with Disabilities Act ("ADA") and against all the defendants under the PHRA. The defendants filed various cross-claims and moved for summary judgment. On February 28, 2019, the District Court entered an order granting the defendants' motion for summary judgment on all of Bangura's claims. On March 1, 2019, Bangura filed her notice of appeal from that order. On March 20, 2019, the District Court dismissed the defendants' outstanding cross-claims as moot.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See id. at 422–23; Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. See Anderson v.

---

[2] When the District Court entered its order granting summary judgment, it was not appealable under 28 U.S.C. § 1291 because the District Court had not yet ruled on the defendants' outstanding cross-claims. See Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997). But Bangura's appeal from the entry of summary judgment has ripened now that the District Court has ruled on the cross-claims. See DL Res., Inc. v. FirstEnergy Sols. Corp., 506 F.3d 209, 216 (3d Cir. 2007) (applying the doctrine of Cape May Greene, Inc. v. Warren, 698 F.2d 179 (3d Cir. 1983)). Thus, we have jurisdiction over the appeal from the District Court's entry of summary judgment. See id.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The District Court properly entered summary judgment against Bangura on her disability discrimination claims under the ADA and PHRA because she did not establish that she has a disability.  See Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 274 (3d Cir. 2012) (explaining that, to establish a disability, "a plaintiff may demonstrate any one of: an actual mental or physical impairment that substantially limits one or more major life activities, a record of such impairment, or that his employer regarded him as having a disability."); see also 42 U.S.C. § 12102(2) (defining major life activities).  Bangura maintained that she suffered from a variety of physical and mental impairments, but no reasonable juror could find that she demonstrated—or has a record which establishes— that those impairments substantially limited any major life activity.[3]  Bangura has consistently maintained that her impairments did not affect her ability to work and that her work was limited, instead, by her strained relationships with the defendants.  Thus, no reasonable factfinder could determine that Bangura has a disability, and the defendants were entitled to summary judgment on the disability discrimination claims.

---

[3]  We note that, during the course of discovery, Bangura prevented the defendants from obtaining her medical records.  She did provide evidence that she once sought treatment for an anxiety attack, but that limited evidence cannot establish anything more than a "temporary non-chronic impairment of short duration," which is insufficient to establish a disability.  Macfarlan, 675 F.3d at 274 (quotation marks and citation omitted).

4

The District Court properly analyzed Bangura's remaining discrimination claims, and her retaliation claims, according to the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999) (explaining that the framework generally applies to claims under Title VII, the PHRA, and 42 U.S.C. § 1981); Stewart v. Rutgers, The State Univ., 120 F.3d 426, 432 (3d Cir. 1997) (applying the framework to claims under 42 U.S.C. § 1983). Under that framework, Bangura had the initial burden of establishing a prima facie case of discrimination or retaliation. See McDonnell Douglas, 411 U.S. at 802. If she succeeded, the burden then would shift to the defendants to articulate a legitimate non-discriminatory or non-retaliatory reason for taking an adverse employment action against her. See id.; Moore v. City of Philadelphia, 461 F.3d 331, 342 (3d Cir. 2006) (discussing retaliation claims). Bangura would then have an opportunity to prove by a preponderance of the evidence that the legitimate reason offered by the defendants for the adverse action was a pretext. See Jones, 198 F.3d at 410; Moore, 461 F.3d at 342.

Here, at the very least, and assuming without deciding that Bangura established a prima facie case of discrimination and retaliation, we agree with the District Court that the defendants pointed to a legitimate, non-discriminatory and non-retaliatory reason for their employment decisions—Bangura's poor performance. See Ross v. Gilhuly, 755 F.3d 185, 193 (3d Cir. 2014) (holding that "[e]ven assuming, *arguendo*, that [plaintiff] established a prima facie case," his "demonstrably poor job performance" was a "legitimate, non-discriminatory reason" for his termination). Bangura admitted that,

5

from the start of her employment, the defendants were persistently concerned with her poor performance. She also admitted that she refused to review a scheduling protocol describing her responsibilities. And the defendants provided evidence from multiple coworkers regarding scheduling issues that resulted from Bangura's mistakes.

Bangura failed to adduce evidence from which a reasonable factfinder could conclude "that the employer's proffered reasons were merely a pretext for discrimination," Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam), or that there were "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions from which a reasonable juror could conclude that the Defendants' explanation is unworthy of credence, and hence infer that the employer did not act for the asserted" non-retaliatory reason, Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 262 (3d Cir. 2017) (quotation marks and citations omitted). We agree with the District Court's analysis of this issue, including its discussion of the July 2014 series of events in which Bangura's coworkers made jokes about a fire that affected African immigrants, told Bangura to "speak English," and told Bangura to put a banana in her traditional African head wrap. While those isolated events are highly offensive, no reasonable juror could find that they establish pretext, as Senator Williams and Henkin—the defendants primarily responsible for the adverse employment actions taken against Bangura—were uninvolved. See Carvalho-Grevious, 851 F.3d at 263. Moreover, to the extent that the defendants were informed of or involved in the offensive events, it was in the context of communications that were focused primarily on Bangura's poor performance. Thus, the

6

defendants were entitled to summary judgment on the discrimination and retaliation claims under Title VII, the PHRA, and 42 U.S.C. §§ 1981 and 1983.

Finally, the District Court properly granted summary judgment to the defendants on Bangura's claims of a hostile work environment based on her race, national origin, and alleged disability. To prevail on such claims, "a plaintiff must show that 1) the employee suffered intentional discrimination . . . 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability [meaning the employer is responsible]." Castleberry v. STI Grp., 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks and citation omitted). Again, we agree with the District Court's analysis, including its determination that the isolated events in July 2014, while highly offensive, were insufficient for a reasonable juror to find that Bangura suffered discrimination that was severe or pervasive. Cf. id. at 265. Moreover, Bangura maintained that she was unaffected by these events and that her poor performance and health issues stemmed from the criticism she received for her work, which she began receiving well before the July 2014 incidents. Thus, the defendants were entitled to summary judgment on the hostile work environment claims.

Accordingly, we will affirm the judgment of the District Court. Bangura's motion for oral argument is denied.

7