NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1567
_____

THOMAS BELLES,
                                Appellant

v.

WILKES-BARRE AREA SCHOOL DISTRICT;
FRANK CASTANO; SEAN FLYNN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 3-17-cv-01016)
District Judge:  Honorable Karoline Mehalchick

Argued:  October 22, 2020

BEFORE:  CHAGARES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed: January 26, 2021)

Kimberly D. Borland (ARGUED)
Borland & Borland
69 Public Square, 11th Floor
Wilkes-Barre, PA 18701
        *Counsel for Appellant*

John E. Freund, III
Brian J. Taylor (ARGUED)
King Spry Herman Freund & Faul

One West Broad Street, Suite 700
Bethlehem, PA 18018
     *Counsel for Appellees*

_____

OPINION[*]

_____


NYGAARD, *Circuit Judge.*

Thomas Belles sued Wilkes Barre Area School District, Frank Castano and Sean Flynn claiming that they violated the Americans with Disabilities Act (42 U.S.C. §§ 12101–12213) and the Pennsylvania Human Relations Act (43 Pa. Cons. Stat. §§ 951-963) during the time that he served as head varsity wrestling coach at Coughlin High School.[1]  Belles appeals only the judgment granted in favor of the School District and Castano, who is the District's Director of Human Resources.[2]  We will affirm the District Court's order.[3]

Belles is quadriplegic.  He has taught in the School District since 1993 and had been head coach of the junior high school wrestling team from 2008.  The School District hired him as the high school's head varsity wrestling coach on May 12, 2014.  Belles

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The analysis of Belles's ADA claims here applies equally to his PHRA claims.  *See Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012).

[2] Belles voluntarily withdrew all claims against Sean Flynn in the District Court.

[3] We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.

resigned from the position on August 28, 2014.  Within that span of time, he claims the School District and Castano discriminated against him by failing to accommodate his ability to practice his team; retaliating for his accommodation request when the School District hired an associate head coach; creating a hostile work environment; and constructively discharging him.

To establish an ADA failure-to-accommodate claim, Belles had to show he is disabled, his employer was aware of it, he requested accommodation, a reasonable accommodation was possible, and the employer did not make a good faith effort to respond.  *See Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017).  The first three elements are not at issue here.

The accommodation issue arose because the wrestling team's practice room is in the high school basement.  Belles suggested that the School District could install a wheelchair lift, or it could move practices to an accessible space like the junior high school wrestling practice area, the high school gym or the high school cafeteria.  Belles stressed to the District Court that over one-hundred days passed before the School District made any effort to respond.  He also averred that the School District expressed opposition to accommodating him.  However, he quit just hours before he was to attend a meeting with the School District and a wheelchair lift contractor.  The District Court ruled that Belles's failure to accommodate claim was "bereft of any evidentiary support" and that permitting this claim to go to trial would "sanction jury speculation." *Belles v. Wilkes-Barre Area School District*, 2020 WL 1028338, at *8 (M.D. Pa. 2020).

3

Belles argues that the District Court misapplied the standard of review by interpreting the record in favor of Appellees. He also contends it either failed to discuss or downplayed evidence that the School District acted in bad faith. Superintendent Bernard Prevuznak angrily declared, Belles avers, that practices would remain in the basement room, and that the Board did not want to pay for a wheelchair lift. Prevuznak disputes this. But, regardless, the rest of Belles's bad faith argument rests purely on speculation (e.g., his claim that Castano asked him to quit to avoid accommodating him; or his assertion that delay made it difficult to install a lift before wrestling season), and other information that is not material to the claim (e.g., his focus on the negative comments and acts by Robert Hawkins, a parent and volunteer assistant coach). Therefore, even when interpreted in Belles's favor, the remarks by Prevuznak are not sufficient to reasonably infer bad faith. Accordingly, they do not raise a question of material fact. Moreover, as the District Court noted, Belles's resignation foreclosed the process with the School District to find an accommodation, and the brevity of his tenure limited the amount of interaction that was reasonably possible between him and the School District. Both undercut his already inadequate claim that its interactive process with him was made in bad faith. The District Court did not err.

Belles next claims the School District generally discriminated against him,[4] and that he was demoted in retaliation for requesting accommodation when, on August 11,

_____

[4] Belles refers to his failure-to-accommodate and constructive discharge claims in this context.

4

2014, the Board hired David Parsnik to be an associate coach.[5]  He adds that it appointed two assistant coaches he did not recommend.

To show a prima facie case of ADA discrimination or retaliation, Belles must provide evidence of "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).  The record does not provide any evidence of an adverse employment action.[6]

There is no evidence that the Board's staffing decisions on August 11 constitute an adverse employment action.  Belles calls it a demotion, but the record is devoid of any evidence setting out Parsnik's responsibilities.  This makes it impossible to assess the impact of the appointment, if any, on Belles's head coach position.  The label given to the position, whether "associate" or "co-head coach" (as Belles states) means nothing without more.  Similarly, Belles fails to provide any evidence that sheds light on the significance of the Board appointing assistant coaches that he did not recommend.  No one disputes that the School Board was vested with the authority to staff those positions.  Moreover, Belles resigned before any of the new appointees engaged with him in a coaching capacity.  We do not have any facts to assess his claim of being demoted.

---

[5] We are addressing the ADA and PHRA retaliation claims with the same analysis here. *Compare* 42 U.S.C. § 12203(a) and 43 Pa. Cons. Stat. § 955(d).
[6] We assess the failure-to-accommodate and constructive discharge claims more specifically in other portions of this opinion.

Lacking evidence of an adverse employment action, Belles has not established a prima facie case of discrimination or retaliation. Summary judgment was proper.

Next, Belles claims that he was subjected to a hostile work environment. He points to all of the conduct and events already referenced above plus some additional emails from Castano and Hawkins, and other communications that he characterizes as hostile. After our review, we conclude that Belles does not provide evidence that the School District engaged in any conduct that would rise to the level of harassment. Belles says that Castano asked him to quit, but there is no evidence that he did. The exchange between Castano and Belles the day after the Board hired him centered on some negative responses to his appointment as head coach. And both agree they discussed alternative job responsibilities Belles could possibly take. But even crediting Belles's view of the conversation, Belles's other allegations of harassment do not create a material issue because the alleged harassment was neither severe nor pervasive. As for the messages Castano sent to Belles during the summer of 2014, he did not demand that Belles resign. Belles is the one who expressed his intent to resign. Belles resorts, in briefing, to mere speculation about Castano's motive and what he meant in each of these communications.[7] Similarly, the remarks by Prevuznak (referenced and discussed above) do not create a genuine dispute on the claim of harassment. As to the actions of the Board on August 11,

---

[7] In the same way, as to Belles's averments about statements made by the Junior High School principal, there is no evidence the principal asked Belles to resign. But even if the principal asked Belles to resign, Belles's own testimony makes clear that the principal only asked for his resignation letter after Belles informed Castano that he wanted to resign. Moreover, none of this rises to the level of severe and pervasive.

our assessment above also applies here. We do not have enough information to understand its relevance to any of Belles's claims. Finally, Belles refers to efforts by Hawkins to organize parents and students to oppose his appointment. Although Hawkins was appointed as a volunteer coach, this appointment and the actions by Hawkins that Belles avers do not rise to the level of harassment required because a "hostile" environment requires more than mere disagreements or even the "sporadic use of abusive language," *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)(citation omitted), and any suggestion that Hawkins would have harassed Belles throughout the wrestling season is entirely speculative. He also points to some negative comments made throughout his brief tenure by students and parents. But even if, *arguendo*, these communications rose to the level of severe and pervasive, none of them are attributable to the School District. The District Court did not err.

Finally, Belles alleges he was constructively discharged. We consider a number of factors, including whether the employer threatened to fire, demote or reduce the compensation of the employee, and whether it transferred him to a less desirable position, had his job responsibilities altered, or gave him unsatisfactory evaluations. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 503 (3d Cir. 2010). Although, as discussed above, Belles alleges a number of these—termination, demotion, and altering responsibilities—the analysis is objective. Since we have not found any such evidence to support any of the

assertions relevant to this claim, we conclude that the District Court did not err by granting summary judgment in favor of Appellees.[8]

For all of these reasons we will affirm the order of the District Court.

---

[8] Lacking any ADA or PHRA claims to place before a jury, Belles' claim that Castano aided and abetted the School District's violations also fails.