**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1747
_____

ANDREW MORGAN

Appellant

v.

ALLISON CRANE & RIGGING LLC,
d/b/a Allison Crane & Rigging


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:21-cv-00533)
District Judge: Honorable Matthew W. Brann
_____


Argued: April 3, 2024

Before: RESTREPO, MATEY and MCKEE, *Circuit Judges.*

(Opinion filed: September 4, 2024)


W. Charles Sipio **[Argued]**
Karpf Karpf & Cerutti
Eight Neshaminy Interplex
Suite 210
Feasterville-Trevose, PA 19053
        *Counsel for Appellant*

Paul S. Mazeski **[Argued]**
Buchanan Ingersoll & Rooney
Union Trust Building

501 Grant Street, Suite 200
Pittsburgh, PA 15219
        *Counsel for Appellee*

Georgina Yeomans **[Argued]**
Equal Employment Opportunity Commission
Office of General Counsel
131 M Street NE
Washington, DC 20507
        *Counsel for Amicus*

_____

OPINION OF THE COURT
_____


**McKEE**, *Circuit Judge*.

Andrew Morgan appeals the District Court's grant of summary judgment in favor of his former employer, Allison Crane & Rigging LLC. Morgan had sued alleging that Allison Crane terminated his employment because of a lower back injury that prevented Morgan from doing anything more than "light duty" alternative work. He claimed disability-based discrimination, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act ("ADA")[1] and the Pennsylvania Human Relations Act ("PHRA")[2] (Counts I and II), and wrongful discharge in violation of Pennsylvania common law (Count III).

We will vacate in part, reverse in part, and affirm in part. We reverse because the District Court applied an incorrect legal standard in assessing the sufficiency of the evidence pertaining to Morgan's back pain-based discrimination claims, and we vacate because the District Court failed entirely to consider Morgan's statutory retaliation and failure to accommodate claims. We write precedentially to clarify that the ADA Amendments Act of

_____

[1] 42 U.S.C. §§ 12101, et seq.
[2] 43 P.S. §§ 951, et seq.

2

2008 ("ADAAA")[3] expanded the scope of disability coverage under the ADA. We also clarify that our decision in *Macfarlan v. Ivy Hill SNF, LLC*[4] applied a pre-ADAAA standard to allegations that arose before the ADAAA was enacted. Accordingly, that decision should not control adjudications of claims that arose after the effective date of the ADAAA.

## I. BACKGROUND[5]

A.

In Fall 2019, Andrew Morgan was employed by Allison Crane & Rigging LLC as a millwright laborer until Allison Crane terminated his employment on November 18, 2020. During Morgan's employment, he had several supervisors, including Brian Bonislawski who was supervisor of the Williamsport, Pennsylvania location, Robert Mundrick, who was a project manager/supervisor, and Ryan Hastings, who was Morgan's foreman/supervisor.

On September 29, 2020, while working at the Williamsport location, Morgan injured his lower back. Although he was in "severe pain," Morgan completed his shift.[6] He informed at least one co-worker, as well as Hastings (his supervisor), about his back injury. Hastings told Morgan that he would "relay the message" to Mundrick. Morgan continued working his regular shift through the remainder of the week but informed his crew that he was still in pain and considering chiropractic treatment.

Several days later, on October 1, 2020, Morgan saw a chiropractor. Morgan testified that the chiropractor diagnosed him with a bulged or herniated disc in the lower back and recommended that Morgan return twice weekly for treatment to alleviate the lower back pain. Morgan's back became inflamed when he sat, walked, or turned left or right. Morgan complied with the treatment plan by making twice-

---

[3] Pub. L. No. 110-325, 122 Stat. 3553 (2008).

[4] 675 F.3d 266 (3d Cir. 2012).

[5] The following facts are undisputed or otherwise stated in the light most favorable to Morgan as the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[6] JA 186.

weekly visits to his chiropractor, and the chiropractor further advised Morgan to switch to "light duty" work.[7]

On October 7, 2020, Morgan had a meeting with several supervisors—including Bonislawski and Thomas Ungard. Morgan again informed them of his back injury at that meeting and he was told that he would be placed on light duty. Bonislawski and Ungard cautioned Morgan that he should not bother filing a workers' compensation claim because his injury was not sufficiently severe. Ultimately, Morgan did not file a workers' compensation claim, nor did he make any immediate inquiry to his supervisors about doing so. However, he did subsequently research opening a workers' compensation claim.

On October 8, and again on October 22, 2020, Morgan's chiropractor wrote a note stating that Morgan should be excused from "bending or lifting" items over fifteen pounds through November 4, 2020.[8] Then, on November 5, 2020, the chiropractor further restricted Morgan from bending or lifting items over thirty pounds for another thirty days; a period which would have run through December 5. However, on November 25, 2020, Morgan's chiropractor released Morgan "to his full occupational duties without restrictions."[9] In total, from October 8 until November 25, 2020, Morgan's chiropractor placed him on bending and lifting restrictions for forty-eight days. Morgan shared the chiropractor's notes with Bonislawski, and Morgan concedes that Allison Crane did indeed place him on light duty restrictions, until it terminated him.

According to Allison Crane, Morgan's actions during one week in November led to his termination. On November 13, 2020, Bonislawski warned Morgan about not wearing the appropriate protective equipment while working. Several days later, Morgan was assigned to drive a truck to escort a crane from a job site in Syracuse, New York. Morgan texted the dispatcher that he could not perform the task because the

---

[7] JA 339.

[8] JA 386.

[9] JA 297.

4

timing conflicted with an important back appointment that he did not want to miss, but he was willing to do another job that did not conflict with the appointment.

Morgan testified that, later that day, he was again contacted by dispatch, and he told dispatch that he could not do the job because he could not "sit for that long of a time" without inflaming his back but that he could do "light duty" work.[10] According to Morgan, the dispatcher said "they would be able to find somebody else."[11] Morgan claims that he went to work in the yard on November 17, 2020.

The next day, on November 18, 2020, Bonislawski fired Morgan, purportedly because Morgan failed to "follow the day off request process as well as other policies" when he did not "show for work" on November 17.[12] Prior to Morgan's termination, he continued to work full time, for the same wages, and did not miss any workdays.

B.

Morgan filed this action on March 23, 2021, and thereafter amended his Complaint. As noted at the outset, the District Court concluded that Morgan "ha[d] not established the presence of an actual or perceived disability as required by the ADA and PHRA."[13] The Court held that Morgan's alleged bulged or herniated disc injury could not qualify as an actual disability for two reasons: (i) Morgan's testimony that a chiropractor diagnosed him with a bulged or herniated disc was inadmissible hearsay that cannot be considered on summary judgment, and (ii) Morgan failed to proffer necessary medical evidence of the diagnosis. The Court concluded that medical evidence was required because spinal impairments are not within the comprehension of a lay jury. The Court further held that it "need not consider whether a bulged or herniated disk would qualify" for a "regarded as" claim of disability because Morgan "failed to establish the presence of a bulged or herniated disk" or that "Allison Crane

---

[10] JA 189–90.

[11] *Id*. at 190.

[12] JA 212.

[13] JA 14.

5

believed that Morgan suffered from a bulged or herniated disk."[14]

The Court similarly rejected Morgan's disability claim based upon his back pain. Although medical evidence is not required to establish back pain as an injury and Morgan had evidence to establish that the pain impaired his ability to lift and bend, the Court nonetheless determined that Morgan's back pain could not constitute an actual disability given our holding in *Macfarlan v. Ivy Hill SNF, LLC*. Relying on *Macfarlan*, the Court held that Morgan's back pain did not rise to the level of a regarded as disability because the pain was both transitory and minor. The District Court reasoned that the pain was transitory because Morgan was placed on lifting restrictions for less than six months, and it was minor because (i) he missed no work, (ii) his bending and lifting restrictions were "only mildly limited," (iii) he suffered no other restrictions, and (iv) "no surgical intervention [was] required."[15]

Finally, the District Court dismissed Morgan's common law wrongful discharge claim because he lacked prima facie evidence that he had engaged in any protected activity. The Court did not address or even mention Morgan's failure to accommodate or retaliation claims. This appeal followed.

## II. Standard of Review[16]

When reviewing a district court's summary judgment decision, the standard of review is plenary—"meaning we review anew the District Court's summary judgment

---

[14] JA 21 n.92.

[15] JA 21 (citation omitted).

[16] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2023 because Morgan's Complaint set forth claims under the ADA and PHRA. We have jurisdiction pursuant to 28 U.S.C. § 1291 as we are reviewing the District Court's summary judgment order dismissing the case.

6

decision[ ], applying the same standard it must apply."[17]  All evidence is viewed in the light most favorable to the non-moving party and "all justifiable inferences are to be drawn in his[/her] favor."[18]  We grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[19]  However, "'[w]e deny summary judgment if there is enough evidence for a jury to reasonably find' for the nonmoving party."[20]

## III.    Discussion

A.

The ADA and PHRA[21] prohibit employers from discriminating "against a qualified individual on the basis of

---

[17] *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 144 (3d Cir. 2023) (quoting *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021)).

[18] *Anderson*, 477 U.S. at 255.

[19] *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 501 (3d Cir. 2010) (quoting Fed. R. Civ. P. 56(c)(2)).

[20] *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Minarsky v. Susquehanna Cnty*, 895 F.3d 303, 309 (3d Cir. 2018)).

[21] We note that since the enactment of the ADAAA, some district courts in this Circuit have determined that "the disability prong of discrimination analysis under the PHRA should be analyzed" under the pre-ADAAA standard "because the Pennsylvania legislature has not enacted a similar amendment to the PHRA." *Berkowitz v. Oppenheimer Precision Prod., Inc.*, No. CIV.A. 13-4917, 2014 WL 5461515, at *7 (E.D. Pa. Oct. 28, 2014).  We disagree with the district courts that have taken that position. The PHRA is to be "construed consistently with other relevant [f]ederal and [s]tate laws and regulations except where the construction would operate in derogation of the purposes of the [PHRA]."  16 Pa. Code § 44.2(b). Furthermore, post-enactment of the ADAAA, Pennsylvania courts have continued to interpret the PHRA co-extensively with the ADA.  *See Jarmon v. Convent of the Sisters of St. Joseph Villa*, 2020 WL 4658904, *3 n.3 (Pa. Super. Ct. 2020)

---

7

disability."[22]  To prove disability discrimination, plaintiffs must demonstrate: (i) they have a disability within the meaning of the ADA; (ii) they are "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]" and (iii) they have "suffered an otherwise adverse employment decision as a result of discrimination."[23]  Plaintiffs are disabled within the meaning of the ADA if they: (1) have "a physical or mental impairment that substantially limits one or more" of their "major life activities"; (2) have "a record of such an impairment"; or (3) are "regarded as having such an impairment."[24]

1.

In 2008, Congress enacted the ADAAA as a response to "Supreme Court cases, similar lower court decisions, and the [Equal Employment Opportunity Commission's ("EEOC")] regulations" which had narrowly interpreted key provisions of the ADA.[25]  Prior to enactment of the ADAAA,

("[T]he same legal standard that applies to the ADA applies equally to disability discrimination claims under the PHRA." (quoting *Colwell*, 602 F.3d at 499 n.3)); *Lazer Spot, Inc. v. Pa. Hum. Rels. Comm'n,* No. 459 C.D. 2017, 2018 WL 670621, at *4 (Pa. Commw. Ct. Feb. 2, 2018) (holding that the PHRA should be interpreted in conformity with the ADAAA).  Absent an act of the Pennsylvania legislature or guidance from Pennsylvania courts that the ADAAA is inconsistent with the PHRA, federal courts should continue to interpret the PHRA in harmony with the ADA.

[22] 42 U.S.C. § 12112(a); *see also id*. § 12111(8) ("qualified individual" with a disability is "an individual" with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires").

[23] *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (quoting *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)).

[24] 42 U.S.C. § 12102(1).

[25] *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 654 (4th Cir. 2023); *see also* Pub. L. No. 110-325, 122 Stat. 3553(a)(4)-(7) (explaining that Supreme Court holdings in *Sutton v. United*

in *Toyota Motor Mfg., Ky., Inc. v. Williams,* the Supreme Court had held that an impairment must "prevent[] or severely restrict[] the individual from doing activities that are of central importance to most people's daily lives" and be "permanent or long term" to qualify as a disability.[26] Congress rejected the Supreme Court's permanency standard. In enacting the ADAAA, Congress mandated that the "definition of disability . . . shall be construed in favor of broad coverage of individuals" and "to the maximum extent permitted."[27] In response, the EEOC explained that even an impairment that is expected to last less than six months can constitute an actual disability "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."[28]

Post enactment of the ADAAA, our sister Courts of Appeals—including the Courts of Appeals for the First, Second, Fourth, Fifth, and Ninth Circuits—have held, in precedential opinions, that temporary impairments can qualify as an actual disability under the ADA.[29] We have previously

---

*Air Lines, Inc.*, 527 U.S. 471 (1999), and *Toyota Motor Mfg. v. Williams*, 534 U.S. 184 (2002), substantially narrowed the scope of protection intended under the ADA).

[26] 534 U.S. at 198.

[27] 42 U.S.C. § 12102(4)(A).

[28] 29 C.F.R. § 1630.2(j)(1)(ii); *see id*. § 1630.2(j)(1)(ix) ("The effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section.").

[29] *See Mueck v. La Grange Acquisitions, L.P*., 75 F.4th 469, 481 (5th Cir. 2023), *as revised* (Aug. 4, 2023) ("[F]ollowing the ADAAA's passage, an impairment need not be 'permanent or long-term' to qualify as a disability."); *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1222–26 (9th Cir. 2022) (holding that the district court erred in relying on case law and regulations that failed to account for the ADAAA to hold that an impairment is not substantially limiting unless it involves permanent or long-term effects); *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 92–94 (2d Cir. 2021) (explaining that the ADAAA overrode previous case law

9

reached the same conclusion, albeit in a non-precedential opinion.[30] Moreover, to its credit, Allison Crane now agrees that, given the 2008 amendments, "an impairment lasting fewer than six months can constitute a disability[.]"[31]

Nevertheless, despite the emerging body of case law across the federal judiciary, current EEOC regulations, and the parties' agreement that a temporary impairment can constitute an actual disability for ADA purposes, the District Court held in Allison Crane's favor on the issue. In doing so, it explained that Morgan's back pain could not constitute an actual disability due to an "insurmountable hurdle."[32] That hurdle was our decision in *Macfarlan*. There, we held that "[a] temporary non-chronic impairment of short duration is not a disability covered by the [ADA and PHRA]."[33] However, as Morgan and the EEOC[34] correctly point out, although *Macfarlan* was a 2012 case, it actually applied the

---

indicating that temporary impairments could not qualify as disabilities under the ADA); *Mancini v. City of Providence by & through Lombardi*, 909 F.3d 32, 41 (1st Cir. 2018) ("[I]t is clear that injuries can comprise impairments, even when their impact is only temporary." (citations omitted)); *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 331–32 (4th Cir. 2014) (holding that EEOC's interpretation of the ADAAA, regulating that temporary impairments can constitute disabilities, is a reasonable construction of the statute); *see also Skerce v. Torgeson Elec. Co.*, 852 F. App'x 357, 362 (10th Cir. 2021) (holding, in an unpublished opinion, that a district court erred in concluding that an elbow injury could not constitute an actual disability under the ADA because it was a temporary condition lasting less than six months).

[30] *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163 (3d Cir. 2015) (reversing a district court decision where plaintiff's ADA disability claim was dismissed in part because the impairment lasted only a few months).

[31] Appellee Br. 24 (emphasis omitted).

[32] JA 18.

[33] *Macfarlan*, 675 F.3d at 274.

[34] The EEOC filed an Amicus brief in support of Morgan's position that a temporary ailment can qualify as a disability under the ADA.

pre-ADAAA standard because the relevant impairment and alleged adverse action took place prior to the effective date of the ADAAA.[35]  Consequently, *Macfarlan*'s holding regarding temporary impairments is simply not applicable here.  The conduct at issue here occurred in 2020, after the ADAAA became effective.  Accordingly, the temporary nature of an injury is not dispositive.

Rather, the analysis of Morgan's general back pain under the ADA must focus on whether his injury "substantially limit[ed]" his ability "to perform a major life activity as compared to most people in the general population."[36]  On this record, it is clear that Morgan's allegations of back pain establish such a limitation.

As we noted earlier, Morgan testified that "it hurt to sit, hurt to walk," and it hurt to "turn[] left or right."[37]   From October 8 until November 5, 2020, Morgan's chiropractor advised him against lifting anything over fifteen pounds, and from bending.  From November 5 until November 25, Morgan was still advised to not bend and was further restricted from lifting more than thirty pounds.  Morgan's prima facie showing requires no more.  Given that lifting and bending constitute major life activities,[38] a reasonable jury could find that Morgan's back pain, though temporary, nonetheless constituted an actual disability because it substantially limited his ability to perform major life activities "as compared to most people in the general population."[39] Allison Crane's arguments to the contrary are unavailing.

---

[35] *See id.* at 270 (identifying that Macfarlan was terminated in 2008).

[36] 42 U.S.C. § 12102(1)(A); 29 C.F.R. § 1630.2(j)(1)(ii).

[37] JA 187.

[38] *See* 29 C.F.R. § 1630.2(i)(1)(i) (defining major life activities to include "walking," "sitting," "lifting, [and] bending").

[39] *Id.* § 1630.2(j)(1)(ii); *see id.* ("impairment need not prevent, or significantly or severely restrict" to be substantially limiting); *id.* § 1630.2(j)(1)(i), (iii) (substantial limitation question "should not demand extensive analysis"

11

Allison Crane's arguments boil down to four points: (i) the ADAAA does not foreclose considering duration of injury in the "substantially limiting" analysis; (ii) the District Court's conclusion that temporary impairments cannot qualify as a disability is supported by decisions of other district courts in this Circuit; (iii) ruling in Morgan's favor will render all short-term impairments as disabilities within the meaning of the ADA; and (iv) there are reasons beyond duration, that the District Court did not identify, that also support its ruling.

To Allison Crane's first point, ruling in Morgan's favor would not foreclose the District Court from considering the 'duration' of an injury when determining whether it is substantially limiting. However, the ADAAA makes clear that duration of impairment *is not dispositive* of whether someone is disabled. Second, the fact that the District Court's contrary conclusion may have been in accord with conclusions of other district courts in this Circuit[40] or one of our own unpublished opinions[41] only demonstrates the need

because the term "substantially limits" should be "construed broadly in favor of expansive coverage").

[40] *See e.g.*, *Brearey v. Brennan*, No. 17-CV-2108, 2019 WL 111037, at *6 (E.D. Pa. Jan. 4, 2019) ("Because the undisputed evidence establishes that Plaintiff's ankle injury involved 'several months of limitation, without long-term or permanent effect' Plaintiff has failed to establish an actual disability under the Rehabilitation Act." (quoting *Macfarlan*, 675 F.3d at 274–75); *Sampson v. Methacton Sch. Dist.*, 88 F. Supp. 3d 422, 436 (E.D. Pa. 2015).

[41] In *Bangura v. Pennsylvania*, a not-precedential opinion, we explained that evidence of treatment for an anxiety attack "cannot establish anything more than a 'temporary non-chronic impairment of short duration,' which is insufficient to establish a disability." 793 F. App'x 142, 145 n.3 (3d Cir. 2019) (quoting *Macfarlan*, 675 F.3d at 274 (quotation marks and citation omitted)). However, "[n]ot precedential opinions are, by definition, not binding on this Court, and our internal operating procedures do not allow us to cite and rely upon those opinions." *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 127 n.12 (3d Cir. 2012) (citing Internal Operating Procedures 5.7

12

to clarify the impact of the ADAAA. Third, despite Allison Crane's protestations to the contrary, all short-term impairments do not necessarily rise to the level of disabilities under the ADA. Plaintiffs still must demonstrate that the resulting impairment substantially limits major life activities. Finally, none of Allison Crane's asserted alternative grounds warrant summary judgment in its favor.

2.

The District Court's analysis of whether Morgan's back pain could have been regarded as a disability compounded its earlier errors.

A "regarded-as" claim requires proof that the employer took a prohibited action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."[42] The ADA, as amended, specifically precludes relief for actual or regarded as claims that are both objectively "transitory and minor."[43] An impairment lasting fewer than six months is transitory,[44] but may not be minor, and therefore may still be regarded as a disability.[45] Minor is not defined by statute, but "[c]overage under the 'regarded as' prong . . . should not be difficult to establish."[46] The determination of whether an impairment is minor must be made on a "case-by-case basis," and the factors to be considered depend on the particular

---

(3d Cir. 2010)). For that same reason, district courts in this Circuit should be cautious when looking to not precedential opinions for statements of law.

[42] 42 U.S.C. § 12102(3)(A).

[43] *Id*. § 12102(3)(B); 29 C.F.R. pt. 1630, app. § 1630.2(l) ("The relevant inquiry is whether the actual or perceived impairment on which the employer's action was based is objectively 'transitory and minor,' not whether the employer claims it subjectively believed the impairment was transitory and minor.").

[44] 42 U.S.C. § 12102(3)(B) ("A transitory impairment is an impairment with an actual or expected duration of 6 months or less.").

[45] *Eshleman*, 961 F.3d at 247–48 (only impairments that are both transitory and minor are excluded from coverage).

[46] 29 C.F.R. pt. 1630, app. § 1630.2(l).

13

impairment.[47] At bottom, "the requirements for a prima facie 'regarded as' claim are less demanding" than those for an actual disability claim.[48]

The District Court applied the correct legal standard for a regarded as claim, but it reached the wrong result. Because Morgan's back pain was transitory,[49] the only issue the Court had to determine was whether his back pain was also minor. The District Court denied relief because it determined that the pain was minor. However as the EEOC argues, it would indeed be paradoxical to conclude that Morgan's back pain which could limit major life activities— bending, lifting, walking, sitting—is nevertheless "minor," given that the substantially limits requirement is a higher burden to meet.[50] As we explained in *Eshleman*, the not minor requirement is only intended to exclude impairments

---

[47] *Eshleman*, 961 F.3d at 249–250 (considering factors such as "symptoms and severity of the impairment, the type of treatment required, the risk involved, and whether any kind of surgical intervention is anticipated or necessary—as well as the nature and scope of any post-operative care" in the context of a lung surgery impairment).

[48] *Mancini*, 909 F.3d at 46.

[49] Morgan contends that his back pain was not transitory because it had an "indefinite time frame for resolution," and because he testified that "he was concerned about future flare-ups." Appellant Br. 32. But his argument misapplies the facts to the law. Morgan testifies that after forty-eight days he was no longer in need of treatment or light duty restrictions, and his chiropractor only placed him on restrictions for fifteen- and thirty-day increments. Thus, on this record, the "actual or expected duration" of Morgan's disability never approached the 6-month threshold necessary for it to be considered non-transitory. 42 U.S.C. § 12102(3)(B).

[50] *See Mancini*, 909 F.3d at 45–46 (explaining that "[i]t is not necessary" for a plaintiff meet the higher bar of showing "that the impairment limits or is perceived to limit a major life activity" when making a regarded as claim. (first citing 42 U.S.C. § 12102(3)(A) and then citing *Mercado v. Puerto Rico*, 814 F.3d 581, 588 (1st Cir. 2016))).

14

"at the lowest end of the spectrum of severity," such as "common ailments like the cold or flu."[51]  Back pain which causes difficulty bending, lifting, walking, and turning left or right, is undoubtedly more than minor pain.

Accordingly, we will reverse the District Court's dismissal of Morgan's claim that he was unlawfully discriminated against due to his general back pain.

3.

Morgan also argues that the District Court erred when it dismissed his claim that he was unlawfully discriminated against because of an actual herniated or bulged disc disability.[52]  The District Court rejected this claim because (i) Morgan's only evidence of a herniated or bulged disc diagnosis was his own testimony that his chiropractor had so diagnosed him, and that constituted inadmissible hearsay; and (ii) medical evidence is required to prove that he had a bulged or herniated disc.  Because we agree that Morgan needed medical evidence to substantiate that he suffered from a bulged or herniated disc, we will affirm the District Court's order insofar as it dismissed this claim.

Medical testimony is not always required to establish a disability.[53]  "[T]he necessity of medical testimony turns on the extent to which the alleged impairment is within the comprehension of a jury that does not possess a command of medical or otherwise scientific knowledge."[54]  This assessment is also to "be made on a case-by-case basis."[55]  Generally, ailments that "are the least technical in nature and are the most amenable to comprehension by a lay jury" need

---

[51] *Eshleman*, 961 F.3d at 248 (quoting H.R. Rep. No. 110–730 pt. 2, at 18 (2008)).

[52] Morgan does not appeal the District Court's ruling that the evidence did not support a regarded as claim based on a herniated or bulged disc.

[53] *Marinelli v. City of Erie, Pa.*, 216 F.3d 354, 361 (3d Cir. 2000) (explaining that "failure to present medical evidence of his impairment, in and of itself, does not warrant judgment as a matter of law").

[54] *Id*. at 630.

[55] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 996 (10th Cir. 2019) (quoting *Mancini*, 909 F.3d at 39).

15

not be established by medical evidence.[56] We have previously explained that arm and neck pain are among those ailments which do not require medical evidence.[57] The District Court correctly concluded that a herniated disk is a spinal injury that is "not within the comprehension of a jury that does not possess a command of medical or otherwise scientific knowledge."[58] Morgan's arguments to the contrary are unpersuasive.[59] Accordingly we will affirm the District Court's dismissal of that claim.

B.

We are left with the District Court's dismissal of Morgan's retaliation and failure to accommodate claims under the ADA and PHRA and his wrongful termination claim under Pennsylvania common law.

The District Court failed to offer any justification for dismissing Morgan's retaliation and failure to accommodate claims. Ironically, Allison Crane did not even move for dismissal of the retaliation claims, and the District Court did not purport to dismiss the retaliation claims sua sponte

---

[56] *Marinelli*, 216 F.3d at 361.

[57] *Id*.

[58] JA 16–17 (cleaned up) (quoting *Marinelli*, 216 F.3d at 360).

[59] The primary cases that Morgan relies upon in support of his contrary position are non-binding on this Court as they are all unreported district court cases, and some are from outside of this Circuit. *See* Appellant Br. 20–22 (directing this Court's attention to *Nagle v. Comprehensive Women's Health Servs., P.C.*, 2018 U.S. Dist. LEXIS 9722 (M.D. Pa. Jan. 19, 2018); *Pallatto v. Westmorland Cty. Children's Bureau*, 2014 U.S. Dist. LEXIS 27008 (W.D. Pa. Mar. 3, 2014); *Malzberg v. N.Y. Univ.*, 2022 U.S. Dist. LEXIS 54375 (S.D.N.Y. Mar. 25, 2022)). To the extent that he relies upon the Court of Appeals for the Seventh Circuit's decision in *EEOC v. Autozone, Inc.*, 630 F.3d 635 (7th Cir. 2010), that case is in applicable here. In *Autozone*, the Seventh Circuit held that no medical evidence was necessary for plaintiff to demonstrate that his ailment *substantially limited* him. *Id*. at 644. But the necessity of medical evidence to demonstrate an impairment's substantially limiting effect is not at issue in this case.

pursuant to Federal Rule of Civil Procedure 56(f)(2).[60]  We are therefore at a loss to understand why the court dismissed those claims.  Accordingly, we will vacate the order dismissing the retaliation and failure to accommodate claims and remand so that those claims can be addressed.[61]  On remand the District Court should also consider whether Allison Crane has failed to preserve its arguments against the retaliation claims.[62]

Finally, we will affirm dismissal of Morgan's wrongful termination claim under Pennsylvania common law because there is no evidence that he filed for or suggested to anyone at Allison Crane that he intended to file for workers' compensation.[63]  We note, however, that in an appropriate case, evidence that an employer took sufficient steps to dissuade an employee from filing for workers' compensation

---

[60] *See* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may . . . grant the [summary judgment] motion on grounds not raised by a party[.]").

[61] *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

[62] *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009) (recognizing that the relevant question as to argument preservation is whether a party "presented the argument with sufficient specificity to alert the district court" (quoting *Kennan v. City of Phila.*, 983 F.2d 459, 471 (3d Cir. 1992))).

[63] *See Shick v. Shirey*, 552 Pa. 590, 604 (1998) (holding that "a cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits"); *Owens v. Lehigh Valley Hosp.*, 103 A.3d 859, 869 (Pa. Commw. Ct. 2014) (clarifying that "a cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits with an employer but has not filed a claim petition with the Bureau").

may support relief.  Given this record, we leave for another day the determination of the nature of any such relief.

**IV.**

For the reasons stated above, we will vacate the District Court's order in part, reverse it in part, affirm it in part, and remand for further proceedings consistent with this opinion.