NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3213
_____

BERLIN VANARDO BROWN,
Appellant

v.

CCPM G. CLEMENS, PREA Coordinator SCI-Camp Hill;
PAROLE AGENT PATIA, Employee of the Pennsylvania Dept. of Parole and Probation
- SCI-Dallas; CORRECTIONAL OFFICER BENNINGS, SCI-Camp Hill;
COUNSELOR RHOADES, SCI-Camp Hill; SUPERINTENDENT L. HARRY, SCI-
Camp Hill; SUPERINTENDENT RANSOM, SCI-Dallas; TONYA HEIST, Grievance
Coordinator SCI-Camp Hill; KERI MOORE, Chief Grievance Coordinator PA DOC;
PAROLE AGENT SCHEALEY LAYTON, Officer, Pennsylvania Board of Probation
and Parole; PAROLE SUPERVISOR BITTNER, Pennsylvania Board of Probation and
Parole; BOARD SECRETARY DEBORAH CARPENTER, Pennsylvania Board of
Probation and Parole; JOHN E. WETZEL, Pennsylvania Department of Corrections
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-22-cv-01067)
Magistrate Judge: Honorable Joseph F. Saporito, Jr. [*]
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2024

Before: SHWARTZ, MATEY and FISHER, *Circuit Judges*.

(Filed: October 29, 2024)

_____

[*] Honorable Joseph F. Saporito, Jr., assumed office as Judge of the United States
District Court for the Middle District of Pennsylvania on August 13, 2024.

———————

OPINION[**]

———————

FISHER, *Circuit Judge*.

While serving a sentence for a drug offense at the State Correctional Institution–Dallas, Brown was granted parole under Pennsylvania's Recidivism Risk Reduction Initiative (RRRI), making him eligible for release on November 26, 2020. However, Brown tested positive for COVID-19 on November 22, so he could not ride the Greyhound bus home as he had planned. Brown did not have anyone who could give him a ride, so he quarantined in prison. After his quarantine, Brown learned his parole had been decertified—essentially, Brown was made ineligible for parole *before* he was released from the prison, as opposed to a revocation or rescission once released. He was not released until January 2022.

Brown sued multiple corrections officials, alleging that this decertification violated his rights under the Eighth and Fourteenth Amendments, Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, *et seq.*, as well as an Eighth Amendment claim concerning a strip search, and a First Amendment retaliation claim for his subsequent

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

exercise of grievance procedures. The District Court granted the corrections officials'

motion to dismiss. Brown only appeals the claims concerning the decertification decision.

We will affirm dismissal of the Fourteenth and Eighth Amendment claims. However, the

District Court abused its discretion by dismissing the ADA and RA claims without leave

to amend. Accordingly, we will vacate and remand those claims with instructions to

dismiss with leave to amend.[1]

We exercise de novo review on appeals from motions to dismiss.[2] To determine

whether Brown was owed process, we must first determine whether he asserts a protected

liberty interest.[3] The Fourteenth Amendment protects only those interests arising from the

Due Process Clause or state law.[4] There is no constitutional interest in parole.[5]

Pennsylvania law grants parolees a "liberty interest in the limited liberty offered by

parole that cannot be taken away without affording the parolee minimal due process

guarantees," although this interest is only activated when parole is granted—upon the

Board issuing its parole release order and the prisoner signing the acknowledgement of

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal questions). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts).

[2] *PG Publ. Co. v. Aichele*, 705 F.3d 91, 97 (3d Cir. 2013).

[3] *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010).

[4] *Id.* at 783.

[5] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

the conditions,[6] or when a prisoner is actually released.[7] Accordingly, Brown's reliance on cases concerning other states' parole programs is misplaced. Although the parole systems in New Jersey[8] and Oklahoma[9] create an expectation of release and a subsequent liberty interest, the RRRI explicitly disclaims a liberty interest in parole determinations before an inmate's release.[10] Until then, "[t]he decision to grant, rescind, or revoke parole is one purely of administrative, not judicial, discretion,"[11] allowing the parole board to "at any time rescind an order granting parole until it is 'executed'—i.e., the inmate is released on parole."[12]

Brown lacked an executed order. He had a grant of parole from the Parole Board, but there is nothing in the record to suggest that Brown signed the acknowledgement of parole conditions, thereby constituting execution of the order. He was also not released from prison. Therefore, Brown was not entitled to due process for the decertification of his parole decision under Pennsylvania law. While we are concerned with the lack of

---

[6] *Johnson v. Pa. Bd. of Prob. & Parole*, 532 A.2d 50, 52 (Pa. Commw. Ct. 1987).

[7] *Nieves v. Pa. Bd. of Prob. & Parole*, 995 A.2d 412, 418 (Pa. Commw. Ct. 2010) (explaining that because the defendant had "not yet been released on parole . . . he cannot assert due process rights").

[8] *Watson v. DiSabato*, 933 F. Supp. 390, 392 (D.N.J. 1996).

[9] *Harper v. Young*, 64 F.3d 563, 564–65 (10th Cir. 1995).

[10] 61 Pa. Cons. Stat. § 4506(d) ("Nothing in this section shall be interpreted as granting a right to be paroled to any person . . . ."); *see also Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997) ("[I]n Pennsylvania, a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his or her maximum term.").

[11] *Johnson*, 532 A.2d at 53.

[12] *Fantone v. Latini*, 780 F.3d 184, 190 (3d Cir. 2015).

4

communication surrounding Brown's parole decertification, the District Court was correct in dismissing Brown's due process claim.

Brown also argues that the decertification of his parole amounted to cruel and unusual punishment. He characterizes the additional fourteen months he spent in custody as a miscalculation of his sentence and argues that this additional time served no penological purpose. Doubtless, "imprisonment beyond one's term constitutes punishment within the meaning of the [E]ighth [A]mendment."[13] But holding a prisoner for the duration of the initial sentence is not without penological purpose. Although Brown argues that he was only forced to remain in prison because he contracted COVID-19, he mischaracterizes the additional fourteen months of his incarceration. Brown was not incarcerated beyond his maximum sentence since he was released in January 2022, pursuant to the sentence imposed during his criminal trial. Because Brown failed to plead that decertification of his parole subjected him to incarceration beyond his maximum sentence, he cannot state an Eighth Amendment claim based on the length of his imprisonment. Therefore, we agree with the District Court's dismissal of the Eighth Amendment claim.

Finally, Brown argues that the decertification of his parole was a violation of his rights under the ADA and RA because, "[d]ue to the virus and the resulting

---

[13] *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989).

discrimination, he spent an additional 14 months in prison."[14] To obtain relief under either statute, Brown "must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability."[15]

The District Court dismissed Brown's claims under the ADA and RA without leave to amend on the basis that the complaint failed to allege any facts supporting an inference that Brown's parole was decertified because of a disability. While the District Court was correct that the initial complaint failed to state a claim, it abused its discretion by dismissing without leave to amend.[16] Although "appellate courts should not be quick to reverse such decisions," "the liberal pleading philosophy of the federal rules does limit a district court's discretion to deny leave to amend."[17] When a complaint is vulnerable to dismissal for failure to state a claim, the court "must" grant leave to amend if there is no "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment," regardless of whether the plaintiff has sought leave to amend.[18] Here, the District Court dismissed without leave to amend on the basis that amendment would be futile. That was error.

---

[14] Appellant's Br. 13.
[15] *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019).
[16] *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013).
[17] *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).
[18] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also* Fed. R. Civ. P. 15(a).

We review dismissals without leave to amend for abuse of discretion.[19] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[20] However, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[21] Although Brown's initial complaint failed to state claims cognizable under the ADA and RA, it is possible that Brown could replead the specifics of his alleged disabilities to demonstrate a plausible claim.[22] As a result, Brown should have been afforded the opportunity to amend his claims under the ADA and RA to cure the pleading deficiencies noted by the District Court.

For the foregoing reasons, we will affirm the District Court's ruling on the Fourteenth and Eighth Amendment claims, vacate the ruling on the ADA and RA claims, and remand with instructions to dismiss the ADA and RA claims with leave to amend.

---

[19] *Connelly*, 703 F.3d at 217.

[20] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[21] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[22] *See Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 224 (3d Cir. 2024) ("The ADA, as amended, specifically precludes relief for actual or regarded as claims that are both objectively 'transitory and minor.' An impairment lasting fewer than six months is transitory, but may not be minor, and therefore may still be regarded as a disability." (quoting 42 U.S.C. § 12102(3)(B))).