NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1520
_____

JAMES CHADWICK,
                                        Appellant

v.

NORFOLK SOUTHERN RAILWAY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:21-cv-03991)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 6, 2025

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges.*

(Filed: April 18, 2025)

_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Scirica, *Circuit Judge*

James Chadwick appeals the District Court's grant of summary judgment in favor of his employer, Norfolk Southern Railway Company ("Norfolk"), on Chadwick's Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and Pennsylvania Human Relations Act ("PHRA") claims, where Norfolk suspended Chadwick from service as a locomotive engineer because of a seizure disorder. Because the court correctly held Chadwick failed to establish a *prima facie* case of disability discrimination as he was suspended for failing to provide up-to-date diagnostic information regarding his seizure disorder, and not "as a result of discrimination," we will affirm.

I.

Because we write principally for the parties, who are familiar with this case's factual and legal history, we will set forth only those facts necessary to our analysis.

Appellant Chadwick began work as an engineer for Appellee Norfolk in 1999 but left service after developing a seizure disorder in 2014. After controlling his seizures, Chadwick returned to work in 2017. But before Chadwick could resume work, Norfolk was required to recertify Chadwick, as Federal Railroad Administration ("FRA") regulations require railroads to certify engineers once every three years. 49 C.F.R. § 240.217(c). Certification includes ensuring engineers meet minimum criteria, including visual and hearing acuity. *See id.* § 240.101(c). The FRA does not establish criteria related to seizure disorders, *see id.*, but it authorizes railroads to adopt and enforce "additional or more stringent requirements not inconsistent with" FRA guidelines, *id.* § 240.1(b). Chadwick's 2017 recertification was successful, and he returned to service.

2

In 2020, Chadwick was again due for recertification. As part of the process, Norfolk provided Chadwick a health questionnaire, on which Chadwick reported taking prescription medication for his seizure disorder. In response, Norfolk requested "more information from [Chadwick's] neurologist[,] . . . including the date of [Chadwick's] last known seizure, any safety-impairing side effects [he] may have experienced from his medication, and the likelihood of a recurrent seizure within six months to one year." *Chadwick v. Norfolk S. Ry. Co.*, No. CV 21-3991, 2024 WL 692710, at *1 (E.D. Pa. Feb. 20, 2024). Attempting to comply with this request, Chadwick's neurologist faxed Norfolk notes from a recent telehealth appointment, but the notes only partially responded to Norfolk's inquiries. Chadwick's neurologist attached a letter to the notes cautioning Chadwick "should not operate heavy machinery independently." *Chadwick v. Norfolk S. Ry. Co.*, No. CV 21-3991, 2023 WL 4440276, at *3 (E.D. Pa. July 10, 2023). In a later note, the neurologist clarified Chadwick was "okay to operate heavy machinery as long as another employee accompanie[d] him in case of an emergency." *Id.* at *7.

Having received this limited information from Chadwick's neurologist, Norfolk placed Chadwick on an involuntary medical hold, suspending him from service pending receipt of the medical information Norfolk previously requested. In response, Chadwick ultimately initiated this action, alleging disability discrimination under the ADA, RA, and PHRA. Chadwick eventually sent Norfolk the requested medical information, however, under instruction from a 2023 District Court opinion. Norfolk evaluated the information and ultimately returned Chadwick to service. When Chadwick continued to pursue his discrimination claim, the court granted Norfolk summary judgment, holding Chadwick

3

had not established a *prima facie* case of discrimination as he failed to demonstrate he 1) was qualified for the job and 2) suffered an adverse employment decision as a result of discrimination. The court reasoned, *inter alia*, Chadwick was not suspended "as a result of discrimination" but because he failed to provide Norfolk up-to-date diagnostic information regarding his seizure disorder. *Chadwick*, 2024 WL 692710, at *3. Chadwick appeals.

## II.[1]

On appeal, Chadwick contends 1) his failure to provide requested medical information is a *post hoc* rationale for his suspension, and, in reality, he was suspended as a result of discrimination; 2) the court erred in refusing to consider backwards-looking expert testimony to evaluate whether Chadwick was "qualified" for the position of engineer in 2020; and 3) the court erred in holding Chadwick's medical suspension was not an adverse employment decision.

We review these issues *de novo*. *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220 (3d Cir. 2024). We may affirm the District Court's grant of summary judgment in favor of Norfolk only if, viewing all evidence in the light most favorable to Chadwick, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [Norfolk] is entitled to judgment as a matter of law." *Id.* (citations omitted).

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367, and we have jurisdiction under 28 U.S.C. § 1291.

III.

To demonstrate a *prima facie* case of disability discrimination under the ADA, RA, and PHRA, plaintiffs must establish they 1) have a disability; 2) are "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations;" and 3) have suffered "an otherwise adverse employment decision as a result of discrimination." *Id.* at 220–21 (citation and internal quotation marks omitted); *Gibbs v. City of Pittsburgh*, 989 F.3d 226, 229 (3d Cir. 2021). The parties dispute only elements two and three. Because Chadwick fails to establish he was suspended "as a result of discrimination," we will affirm. But we also correct two errors in the court's "otherwise qualified" and "adverse employment decision" analyses.

A.

Because Chadwick was suspended for failing to provide updated medical information regarding his seizure disorder, and not "as a result of discrimination," he has failed to establish a *prima facie* case of disability discrimination. Employer-imposed qualification standards and medical inquiries do not constitute discrimination where they are "job-related" and "consistent with business necessity." 42 U.S.C. §§ 12112(b)(6), (d)(4)(A); *see also Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 517–19 (3d Cir. 2001) (finding no genuine dispute of material fact that an employer-ordered medical evaluation was consistent with business necessity where a bus driver "had apparently experienced 'spasms' that interfered with his use of his legs"). As the District Court concluded, Norfolk's request for additional information regarding Chadwick's seizure disorder satisfies this standard. Chadwick concedes his position as a locomotive engineer

5

is safety-sensitive and, moreover, does not dispute Norfolk was entitled to request follow-up medical documentation regarding his seizures as part of its recertification process.

Notwithstanding his concessions, Chadwick maintains his suspension was the result of discrimination and that Norfolk's contention he failed to provide adequate medical documentation is a disingenuous *post-hoc* rationale. He cites as evidence Norfolk's prior statement to the Equal Employment Opportunity Commission ("EEOC"), which explained his suspension without reference to his failure to provide updated medical documentation. But this apparent inconsistency does not overcome Chadwick's failure to establish his *prima facie* case. An employer's failure to raise a particular explanation for an employment action before the EEOC and later reliance on that explanation in court, does not, alone, evidence discrimination. *See Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 649 n.15 (3d Cir. 1998). If anything, Norfolk's decision to reinstate Chadwick after he provided the requested material on order of the District Court suggests Norfolk's explanation to the District Court was sincere—it suspended Chadwick only pending the receipt of safety-related information important to its recertification process. Accordingly, Norfolk's suspension of Chadwick was not the result of discrimination.

B.

While the court correctly analyzed the "result of discrimination" prong, there were two errors in its other analyses.

First, the court erroneously stated it could not retroactively determine whether Chadwick was qualified for his job at the time of his suspension in 2020 without medical

6

information *generated* in 2020. *Chadwick*, 2024 WL 692710, at *3. The "qualification" assessment is not so rigid. Courts may consider after-acquired evidence, including backward-looking testimony, to evaluate whether an individual was qualified in the past. *See McNemar v. Disney Store, Inc.*, 91 F.3d 610, 620–21 (3d Cir. 1996), *abrogated on other grounds by Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795 (1999). Because Chadwick provided backward-looking evidence in the form of expert testimony, the court could have evaluated whether Chadwick was qualified at the time of his suspension, or at least whether there was a genuine dispute of fact on the issue.

Second, the court erred in holding Chadwick's placement on "medical hold" was not an adverse employment decision because it was not a "medical[] disqualifi[cation]." *Chadwick*, 2024 WL 692710, at *3. An employer need not terminate an employee to create an "adverse employment action"—they need only materially alter the "terms, conditions, [or] privileges" of employment. *Fowler v. AT&T, Inc.*, 19 F.4th 292, 300 (3d Cir. 2021). Accordingly, while a lateral transfer not resulting in "loss of pay, benefits, [or] status" may not qualify as adverse, *id.* at 301 n.5, Chadwick's involuntary suspension, which impacted his "pay, seniority, [and] benefits," does qualify, Appellant's Br. 20. But because the court rightly concluded Chadwick was not suspended "as a result of discrimination," we will affirm its grant of summary judgment in favor of Norfolk even if Chadwick was otherwise qualified and subject to an adverse employment decision.

## IV.

For the foregoing reasons, we will affirm the District Court's grant of summary

judgment in favor of Norfolk.