**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2565
_____

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor

v.

WICARE HOME CARE AGENCY, LLC; LUIS D. HERNANDEZ,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-00224)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2025
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, PORTER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 6, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

The United States District Court for the Middle District of Pennsylvania granted summary judgment in favor of the Secretary of Labor ("Secretary") with respect to the Secretary's claims that WiCare Home Care Agency, LLC ("WiCare"),[1] an employer of in-home care providers, failed to pay its employees the minimum wage and overtime premium required by the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 et seq. WiCare has appealed, arguing primarily that a regulation denying third-party employers the benefit of a FLSA provision exempting "companionship services" workers from the Act's protections is inconsistent with the FLSA and therefore unlawful. 29 U.S.C. § 213(a)(15). We disagree. Congress expressly delegated to the Secretary the authority to define the scope of the companionship exemption, and the Secretary exercised this authority in promulgating the regulation that WiCare alleges is unlawful. Because WiCare cannot claim the benefit of the companionship exemption and has not otherwise identified a viable basis for relief, we will affirm the District Court's order granting summary judgment.

I.

We write for the benefit of the parties and so recite only those facts pertinent to our decision. WiCare is a Pennsylvania corporation that employs in-home care providers. The Secretary filed a complaint on February 15, 2022 alleging that WiCare failed to pay

_____

[1] Luis Hernandez, the sole owner of WiCare and also a defendant to the Secretary's lawsuit, has appealed jointly with WiCare. We refer to Hernandez and WiCare collectively as "WiCare."

certain employees the minimum wage and overtime premium required by the FLSA. After discovery, both parties moved for summary judgment. In support of its motion, the Secretary filed a Statement of Undisputed Material Facts in which it asserted, inter alia, that WiCare failed between January 2019 and May 2021 to pay 181 of its employees $468,414.25 in overtime wages, and failed to pay 88 employees $61,354.84 in minimum wages. WiCare did not respond to the Secretary's Statement of Undisputed Material Facts and the District Court deemed the facts stated by the Secretary admitted. The court granted the Secretary's motion for summary judgment and awarded $1,059,540.18 in total damages, consisting of $529,770.09 in back wages and an equal amount of liquidated damages. WiCare timely filed this appeal.

## II.[2]

The FLSA excludes from its protections "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15). A regulation promulgated by the Secretary provides, however, that "[t]hird party employers of employees engaged in companionship services . . . may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act." 29

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. Our Court has appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, "applying the same standard it must apply." Morgan v. Allison Crane & Rigging LLC, 114 F.4th 214, 220 (3d Cir. 2024) (quoting Huber v. Simon's Agency, Inc., 84 F.4th 132, 144 (3d Cir. 2023)).

3

C.F.R. § 552.109(a) ("Third-Party Regulation" or "Regulation"). WiCare argues that the Third-Party Regulation is inconsistent with the FLSA's overtime exemption for companionship workers and is for that reason unlawful.

We are unpersuaded. It is well established that "some statutes 'expressly delegate[]' to an agency the authority to give meaning to a particular statutory term." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 394 (2024) (alteration in original) (quoting Batterton v. Francis, 432 U.S. 416, 425 (1977)). As the Supreme Court recognized in Loper Bright, the FLSA's companionship exemption provision contains one such express delegation, because it allows that its "terms" may be "defined and delimited by regulations of the Secretary." Id. at 395 n.5 (emphasis omitted) (quoting 29 U.S.C. § 213(a)(15)). In the Third-Party Regulation, the Secretary chose to "delimit[]" the scope of the companionship services exemption by excluding third-party employers from its reach. 29 U.S.C. § 213(a)(15). The Secretary's decision to do so was a lawful exercise of its expressly delegated authority under the FLSA. We therefore decline to vacate the Third-Party Regulation as inconsistent with the Act.

### III.

WiCare's remaining arguments are also unavailing.[3] WiCare argues that it is not subject to the FLSA because it does not engage in "commerce" as defined by the Act. See 29 U.S.C. § 203(b) (defining "[c]ommerce"). But Congress has found "that the

---

[3] Among the purported bases for relief identified by WiCare is that Julie A. Su, the former Acting Secretary of Labor, has "no present authority to continue any enforcement actions against" WiCare. WiCare Br. 36. Because Ms. Su is no longer the Acting Secretary, we decline to consider this argument.

employment of persons in domestic service in households affects commerce," and it is undisputed that WiCare employs persons in domestic service. 29 U.S.C. § 202(a). There is no basis, therefore, for WiCare's assertion that its activity does not meet the statutory definition of "commerce."[4]

WiCare also argues that it is not subject to the Third-Party Regulation because it is not a third-party employer. The Third-Party Regulation does not expressly define the term "[t]hird party employer[]." See 29 C.F.R. § 552.109(a). But the Regulation clearly distinguishes a third-party employer from an employer who is "the individual [receiving companionship services] or member of the family or household using the services." Id. Context makes clear, therefore, that a third-party employer is one who is neither the individual receiving companionship services nor a member of that individual's family or household. WiCare is a "[t]hird party employer[]" so defined. Id.

WiCare contends that, even if it were liable for violations charged, the District Court abused its discretion by awarding liquidated damages.[5] The FLSA provides that "[a]ny employer who violates the [minimum wage and overtime] provisions . . . shall be liable to the employee or employees affected in the amount of their unpaid . . . wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An

---

[4] Because WiCare asserts only that its activity does not meet the statutory definition of commerce, we do not examine whether that definition is consistent with the Commerce Clause. See U.S. Const. art. I, § 8, cl. 3.

[5] We review a district court's award of liquidated damages under the FLSA for abuse of discretion. See Sec'y U.S. Dep't of Lab. v. Am. Future Sys., Inc., 873 F.3d 420, 433 (3d Cir. 2017).

employer may avoid liquidated damages, however, by "show[ing] that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act." Am. Future Sys., 873 F.3d at 433. WiCare argues that certain "fact sheets" published by the Department of Labor provided it reasonable grounds to believe that its employees were not subject to the FLSA. We disagree. One fact sheet cited by WiCare provides that "[t]hird party employers of direct care workers . . . are not permitted to claim the exemption for companionship services." Appendix ("App.") 1244. Another notes that the availability of the companionship exemption "depend[s] upon . . . the nature of the working relationship" between employer and employee. App. 1240. And a third states that "third party employers of direct care workers . . . are not permitted to claim . . . the exemption for companionship services." App. 1462. If anything, the fact sheets affirmatively demonstrate the unreasonableness of WiCare's belief that it could claim the companionship exemption. The District Court therefore did not abuse its discretion in awarding liquidated damages.

IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of the Secretary.